UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAMMY WORDEN,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 2:24-cv-02014-DGE

ORDER FOR FEES UNDER 42 U.S.C § 406(b)

After Plaintiff brought this action for review of the Commissioner of Social Security's decision to deny benefits, this Court reversed and remanded the case. (Dkt. No. 12.) On remand, the Commissioner issued a favorable decision. (*See* Dkt. No. 16-1.) Plaintiff's attorney, David F. Chermol, now seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Dkt. No. 16.) Defendant neither supports nor opposes the motion. (Dkt. No. 17 at 2.) For the following reasons, the Court GRANTS the motion for attorney fees.

Under 42 U.S.C. § 406(b), the Court may allow a reasonable fee for an attorney who represented a Social Security claimant before the Court and obtained a favorable judgment, if

such fee is not more than 25 percent of the total past-due benefits. *See Grisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002). When a contingency agreement applies, the Court will look first to such agreement and will conduct an independent review to assure the reasonableness of the fee requested, taking into consideration the character of the representation and results achieved. *See id*. at 807, 808. Although the fee agreement is the primary means for determining the fee, the Court may reduce the fee for substandard representation, delay by the attorney, or because a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Grisbrecht*, 535 U.S. at 808).

Here, Plaintiff signed a contingency fee agreement to pay her attorney a fee equal to 25 percent of the amount awarded for past-due benefits. (*See* Dkt. No. 16-2 at 1.) The representation was not substandard, and the results achieved were excellent. (Dkt. No. 16 at 1–2); *Grisbrecht*, 535 U.S. at 808. The Court remanded the matter for further administrative proceedings, which resulted in an outright award of benefits. (*See* Dkt. Nos. 16 at 1–2.; 16-1.) Plaintiff was awarded $109,427.90 in past due benefits. (Dkt. No. 16-1 at 3.) Plaintiff moves for attorney fees in the total amount of $27,356.98, which represents 25 percent of Plaintiff's total past-due benefits. (Dkt. Nos. 16 at 2, 4.; 16-1 at 3.) There is no evidence of an excessive delay by the attorney or that a windfall will result from the requested fee. Plaintiff's counsel states that he expended 40.2 hours on this litigation (Dkt. No. 16-3 at 4), leading to an effective hourly rate of approximately $680.52. This falls squarely within the range of hourly rates approved in the Ninth Circuit for social security contingency fee cases and is lower than some of the rates approved by courts in the Ninth Circuit. *See Rancourt v. Comm. of Soc. Sec.*, Case No. 23-cv-05770-RMI, 2026 WL 2058935, at *2 (N.D. Cal. July 16, 2026) (collecting Ninth Circuit cases

and finding an hourly rate of $729.00 to be reasonable). The Court finds the hours provided based on the work performed are reasonable, as is the effective hourly rate.

Once the court determines that the fee sought under section 406(b) is reasonable, it must account for the attorney fees paid by the Commissioner under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *Gisbrecht*, 535 U.S. at 796. The Court previously awarded $8,569.92 in fees under the EAJA (Dkt. No. 15), therefore, the amount of $8,569.92 shall be deducted from the $27,356.98 in gross attorney fees requested under 42 U.S.C. § 406(b). The difference between $27,356.98 and $8,569.92 is $18,787.06.

Therefore, it is ORDERED that Plaintiff is awarded $18,787.06 in attorney fees. All payments, whether electronic or by mail, made consistent with this Order must be made exclusively through the office of Lead Counsel for Plaintiff David F. Chermol, Esq. at 11450 Bustleton Avenue, Philadelphia, Pennsylvania 19116.

Dated this 22nd day of July, 2026.

David G. Estudillo
United States District Judge